# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Texas Voters Alliance, Donnie Wisenbaker, Alan Vera, Russell Hayter and Warren Johnson | Case __4:20-cv-775_____ |
| Plaintiffs, | |
| vs. | **ORDER** |
| Dallas County, Harris County, Hays County, Hopkins County, | |
| Defendants. | |

Plaintiffs Texas Voters Alliance, Donnie Wisenbaker, Alan Vera, Russell Hayter and Warren Johnson moved for a temporary injunctive relief regarding a private federal elections grant of $25 million accepted by the Defendant counties of Dallas, Harris, Hays, and Hopkins. The Plaintiffs alleged that the public-private relationship between the grantor, Center for Tech and Civic Life, and Dallas, Harris, Hays, and Hopkins Counties are impermissible under the Election Clause and Supremacy Clause of the U.S. Constitution and preempted under federal and state election laws. After a hearing on the matter based upon all submissions of counsel, including filed memoranda, declarations, exhibits, and oral argument, the Court GRANTS the temporary restraining order.

## DISCUSSION

The Plaintiffs Texas Voters Alliance, Donnie Wisenbaker, Alan Vera, Russell Hayter and Warren Johnson ("Texas Voters Alliance) will face irreparable harm if a Temporary Restraining Order is not issued because Dallas, Harris, Hays, and Hopkins Counties ("the

Counties) have accepted and used CTCL's private federal election grants to unconstitutionally interfere with the legally-authorized, uniform and fair November 3 elections.

There is a substantial probability that the Texas Voters Alliance will succeed on their challenge because the Counties have acted ultra vires, that is, without legal authority to accept a private grant preempted by federal and state law and violates the U.S. Constitution.  Federal elections are a specific subject area of a core public governmental function to ensure fair elections and the outcome, to ensure the outcome is not only reliable but creditable.  This further protects the fundamental right to vote that is a constitutionally protectable interest from the moment it is exercised at the time of the casting of the ballot to the counting of that ballot.

The harm to the Counties is minimal if relief is granted because the state and federal governmental funding excludes any appearance of impropriety regarding the integrity of the election process of private moneys for a core public governmental function.

Therefore, it is hereby ordered that:

1. Injunctive relief is immediately GRANTED and Dallas, Harris, Hays and Hopkins Counties are enjoined from using any moneys of the Center for Tech and Civic Life's $25 million grant;

2. If any moneys have been used prior to the issuance of this Court's injunctive relief, Dallas, Harris, Hays, and Hopkins Counties are to report to this Court and Plaintiffs' counsel the amount used and specifically identify for what purpose each expenditure was used for, and the date of that expenditure within 10 days of the date of this Order;

3. Dallas, Harris, Hays, and Hopkins Counties will hold the $25 million Center for Tech and Civic Life grant or any amount not expended of that grant in an interest bearing escrow account until further a further order of this Court, and report to the Court and counsel that these moneys are in an escrow account as directed; and

4. Any Texas county or city is enjoined from soliciting or participating in public private partnerships with the Center for Tech and Civic Life unless the same are first approved by the State of Texas.

SIGNED: